**396**

ANDOR CORP., LTD. et ali

v.

Stephen M. RICHMOND, Assignee.

Civ. A. No. 85–4711 Mc.

United States District Court,
D. Massachusetts.

Jan. 30, 1986.

Philip Slotnick, Marullo & Barnes, Boston, Mass., for Andor Corp., Ltd.

Steve Sheehey, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for Stephen M. Richmond.

## STATEMENT OF REASONS FOR DENIAL OF INJUNCTIVE RELIEF

McNAUGHT, District Judge.

This action came on to be heard on a request by plaintiff that the status quo be preserved pending a determination on the merits. Plaintiff asserts that certain assets were purchased from defendant "in reliance upon representations made by defendant to plaintiffs in regard to the character and value of said assets" (from statement by plaintiff counsel on the Civil Cover Sheet, Form JS 44C).

In the Complaint it is alleged that the defendant assignee sold the assets of Pixel Computer, Inc. for one million, two hundred thousand dollars, of which seven hundred, fifty thousand was represented by collectable account receivables of the corporation; that in fact the account receivables were in large part non-existent. Count I is based on "deceit and misrepresentation" by defendant as assignee for Pixel Computer, Inc. Plaintiffs say that experience with those collections over an eight month period resulted in net collections of only $150,-000. Count II is a Chapter 93A claim. Count III is for "unjust enrichment". It is averred that since the account receivables were to a great extent non-collectable, the plaintiffs have been unable to make scheduled payments under a promissory note to the defendant (a note dated December 28, 1984); that Pixel's assets in Massachusetts (having been pledged as security) have been taken and are being re-sold. The Complaint would lead the reader to believe that it was plaintiff Wabinosh who originally purchased the Pixel assets. At least that is the impression which this reader received, and I note that this is partially by reason of the allegations in the Complaint

and partially because the agreement was not appended to nor made a part of the body of the Complaint.

In the present motion, plaintiffs ask that defendant be restrained from asserting any ownership or interest in a firm known as Pixel U.K. or interfering in its day to day functioning. They ask also that defendant be ordered to sign a paper "necessary to transfer" the "share of stock in Pixel, U.K. and to complete the sales agreement of the agreed-upon shares of stock".

I have read the affidavits submitted in support of and in opposition to the relief requested. The defendant in his affidavit refers to Pixel Computer, Inc. as the "Old Pixel", whose assets he sold on December 28, 1984 to Pixel Systems, Inc., a newly formed Massachusetts corporation which he calls "New Pixel". The obligations of New Pixel were guaranteed by the plaintiffs Andor Corporation, Wabinosh Corporation and Richard Brack. Exhibit A to the affidavit is the December 28, 1984 Purchase and Sale Agreement. New Pixel was the buyer. Included in the assets sold to New Pixel was the stock in a United Kingdom subsidiary of Old Pixel, called Pixel, U.K. Richmond states that there is a lawsuit pending in the United Kingdom to determine the ownership of Pixel U.K. stock, in which he, as plaintiff, has accused Richard Brack of attempting to sell the U.K. stock without right.

The parties to Exhibit A are Stephen M. Richmond, Assignee and Pixel Systems, Inc., a Massachusetts corporation. One of the assets being sold was the stock of Pixel, U.K.

The request for injunctive relief is denied, after consideration of the affidavits submitted (and the helpful arguments of counsel). Richard Brack, president of Andor, was one of the affiants.

As was emphasized by defendant at the hearing, the purchaser was Pixel Systems, Inc., and that corporation is not even a party to the action. The plaintiffs were not parties. They were guarantors of the note for $1,100,000, which note was secured by a security interest in all assets of new Pixel.

According to defendant's affidavit, the repossession and sale of "New Pixel's" assets is fait accompli; hence, any order with reference to restraining such sale would be a vain gesture. Secondly, if the present plaintiffs suffered a loss thereby, it appears that money damages would suffice for a remedy. They are not faced with "irreparable harm" if the injunction is denied. As for any claims that the present plaintiffs may have to ownership of Pixel U.K., and the right to operate it, the rights involving Pixel U.K. are the subject of a lawsuit pending in the United Kingdom. We do not have, on the allegations here, a set of circumstances which would warrant interference by this court with the maintenance of that action.

If all proper plaintiffs were named here, I would still have difficulty finding a likelihood of success on the merits of the case. *If* misrepresentations were made by defendant, the element of reliance seems difficult if not impossible of proof, since Brack apparently had ample opportunity to investigate the worth of the assets, and since the agreement contains a specific provision that the assets were being sold "as is". The principal portion of the assets was supposedly made up of the accounts receivable. Although disclaimers ordinarily pertain to physical assets, such could not have been the simple situation here. It is obvious also from the agreement that New Pixel acknowledged that its representatives had access to Old Pixel's books and records.

Finally, New Pixel may be an indispensable party to this action. We recognized at the hearing that if that proposition is correct, joinder would defeat this court's jurisdiction.